USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

               - against -

EARL MALLOY,

                       Defendant.

07 Cr. 898 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On February 3, 2023, defendant Earl Malloy ("Malloy") filed a motion for compassionate release or a reduction in sentence under 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582"). (See "Motion," Dkt. No. 28.) For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

Malloy was arrested on August 24, 2007 and was subsequently arraigned on one count of carjacking, in violation of 18 U.S.C. Section 2119(1) and (2) and one count of possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. Section 922(g)(1) and 924(e). He pled guilty on April 2, 2008 before this Court, which accepted Malloy's guilty plea as having been entered knowingly and voluntarily. On September 19, 2008, this Court sentenced Malloy to 275 months' -- nearly 23

years -- imprisonment to be followed by five years of supervised release.

The instant offense took place in 2007. Malloy committed an armed carjacking during which a civilian victim suffered a laceration to the head and a police officer suffered a knee injury. This offense constituted Malloy's ninth criminal conviction. In light of his lengthy criminal history, which began as a teenager and included robbery and other crimes of violence, Malloy was deemed an armed career offender.

Malloy has been incarcerated continuously since August 2007. From 2009 to 2022, Malloy was incarcerated at FCI Gilmer in Glenville, West Virginia. He was then transferred to FCI Otisville in Otisville, New York, where he is currently serving out his sentence. Malloy is expected to be released from Bureau of Prisons ("BOP") custody on June 11, 2027.

Malloy now moves for a reduction in sentence to time served pursuant to Section 3582. Having spent 15 and a half years in incarceration, Malloy argues that he should be released on the grounds that he suffered harsh conditions in prison during the entirety of the COVID-19 pandemic, compounded by his advanced age and his various medical conditions, and now at the age of 56, he has largely aged out of criminal conduct and has rehabilitated himself. (See Motion at 1.)

## II.  LEGAL STANDARD

After a defendant has exhausted administrative remedies and unsuccessfully sought a sentence reduction from the BOP, a sentencing court may modify or reduce a term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction," and after considering the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553(a)"). 18 U.S.C. § 3582(c)(1)(A)(i). Under Section 3582, the reviewing court must "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and is not limited to considering the reasons articulated by the United States Sentencing Commission. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also United States v. Phillibert, No. 15 Crim. 647, 2021 WL 3855894, at *3 (S.D.N.Y. Aug. 27, 2021) (explaining that Brooker clarified the reach of the Sentencing Commission's guidance defining "extraordinary and compelling").

Section 3582 grants a district court "broad" discretion, and under the statute, the court can "for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." Brooker, 976

F.3d at 237. Thus, the same legal standards govern a request for compassionate release and a request for a sentence reduction.

### III. DISCUSSION

As an initial matter, the Court must address whether Malloy adequately exhausted his administrative remedies prior to bringing the Motion. (See Dkt. No. 28-4.) Section 3582 empowers this Court to hear sentence-reduction motions after a defendant fully exhausts all administrative appellate rights or after 30 days have passed since the warden received a defendant's reduction request. See 18 U.S.C. § 3582(c)(1)(A).

Malloy requested compassionate release from Warden R.M. Wolfe at FCI Gilmer, who denied the request on March 12, 2021. (See Dkt. No. 28-4.) The denial indicates that if the inmate is "not satisfied with [the warden's] response to [the] request," the inmate may appeal the decision through the "administrative remedy process by submitting [the inmate's] concerns on the appropriate form (BP-9) within 20 days" of receiving the warden's response. (Id.) Neither Malloy's brief nor his accompanying exhibits indicate whether he appealed Warden Wolfe's decision within 20 days of receiving the denial. However, the Court will assume for purposes of this

4

Motion, which the Court denies, that Malloy satisfied Section 3582's exhaustion requirement.

Assuming Malloy exhausted his administrative remedies, the Court must evaluate whether "extraordinary and compelling" reasons justify a sentence reduction. See United States v. Pellot, No. 19 Crim. 169, 2021 WL 807242, at *1 (S.D.N.Y. Mar. 3, 2021). Malloy argues two factors meet that high standard, warranting release from BOP custody: (1) the harsh conditions of confinement during the COVID-19 pandemic and (2) Malloy's advanced age and health conditions. He further argues that he is entitled to relief because the Section 3553(a) factors weigh in favor of release.

A.  HARSH CONDITIONS DURING THE COVID-19 PANDEMIC

Malloy first argues that he was incarcerated for the entirety of the pandemic, enduring more punitive conditions of confinement than the Court anticipated at sentencing, constituting extraordinary and compelling circumstances that would justify reducing his sentence to time served. Malloy cites United States v. Oquendo, a recent decision by a court in this District, finding that the "pandemic-induced conditions of confinement can constitute 'extraordinary and compelling' circumstances warranting compassionate release, particularly for defendants who have (i) served long sentences and (ii) been detained for the entirety of the

5

pandemic." No. 13 Crim. 357, 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023); see also United States v. Serrano, No. 15 Crim. 608, 2022 WL 1443688, at *15 (S.D.N.Y. May 6, 2022) (noting that for defendants who served long sentences and have been detained during the entirety of the pandemic, "pandemic-induced conditions of confinement *may* constitute 'extraordinary and compelling' circumstances" (emphasis in original)).

The Court acknowledges that both factors laid out by the Oquendo court have been satisfied in Malloy's case. He has served a long sentence, having served more than 15 years in BOP custody, and he has been in BOP custody during the entirety of the pandemic. Because Malloy satisfies both factors, the Court finds that the harsh conditions of confinement due to the COVID-19 pandemic *may* constitute "extraordinary and compelling" reasons justifying a sentence reduction,[1] and that based on these reasons, the Court may

---

[1] While the Court acknowledges that several courts in this District have found the harsh conditions of the COVID-19 pandemic for defendants who satisfy the above-enumerated requirements "extraordinary and compelling" circumstances, other courts in this District have determined that harsh conditions of confinement during the pandemic, without more, do not constitute "extraordinary and compelling" reasons justifying a sentence reduction. See, e.g., United States v. Gonzalez, No. 19 Crim. 467, 2022 WL 16919842, at *5 (S.D.N.Y. Nov. 14, 2022) (noting that even if the defendant endured harsh conditions of imprisonment during the pandemic, without more, such conditions are not "sufficiently 'extraordinary and compelling' to warrant compassionate release"); United States v. Ramirez, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021) (finding that "harsher conditions of confinement" during the COVID-19 pandemic "are not unique to the defendant, i.e., 'extraordinary' for purposes of § 3582(c)").

consider whether relief is warranted in light of the Section 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

B.   ADVANCED AGE AND HEALTH CONDITIONS

Malloy also argues that he is entitled to a sentence reduction on the grounds that both his age and health conditions put him at greater risk of severe illness if he contracts COVID-19, constituting "extraordinary and compelling" reasons under Section 3582. Malloy contends that because he is 56 years old, he is at a greater risk of developing a severe illness if he contracts COVID-19. (See Motion at 13.) He also argues that he suffers from multiple health conditions, including asthma, hypertension, hyperlipidemia (high cholesterol), and Type 2 diabetes, which together place him at an elevated risk of severe illness if he contracts COVID-19. (See id. at 14-15.)

The Court does not dispute that both his advanced age and the combination of comorbidities place Malloy at an increased risk of illness if he contracts COVID-19. However, courts in this District have repeatedly found that even where the defendant is at an advanced age or has underlying health issues that increase the risk of COVID-19, the "extraordinary and compelling" standard is not automatically met in every case. See, e.g., United States v. Sattar, 467 F. Supp. 3d 152, 155 (S.D.N.Y. 2020) (declining to find that defendant's

7

age of 60 during pandemic constituted extraordinary and compelling circumstance); United States v. Morel, No. 10 Crim. 798, 2021 WL 2821107, at *1 (S.D.N.Y. July 7, 2021) (declining to find that defendant's medical conditions of hypertension, Lyme disease, high cholesterol, and obesity during pandemic constituted extraordinary and compelling circumstances); United States v. Felipe, No. 18 Crim. 744, 2022 WL 36832, at *4 (S.D.N.Y. Jan. 3, 2022) (declining to find that asthma and irritable bowel syndrome during pandemic were extraordinary and compelling circumstances); United States v. Cajigas, No. 08 Crim. 391, 2020 WL 6625210, at *2 (S.D.N.Y. Nov. 11, 2020) (declining to find that being 50 years old with pre-diabetes and obesity during pandemic constituted extraordinary and compelling circumstances).

Moreover, courts have been reluctant to grant reduced sentences where "the defendant's medical conditions are under control." United States v. Mustafa, No. 93 Crim. 203, 2023 WL 2016581, at *4 (S.D.N.Y. Feb. 15, 2023); see also United States v. Sanchez, No. 01 Crim. 74, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022) (finding that defendant having comorbidities associated with COVID-19 did not constitute extraordinary and compelling circumstances where the medical conditions were under control); United States v. Mood, No. 19 Crim. 113, 2021 WL 242482, at *1 (S.D.N.Y. Jan. 25, 2021)

(determining that "health conditions [that] have been well monitored and managed by BOP" did not constitute "'extraordinary and compelling reasons' to warrant early termination"). The Court notes that Malloy's medical record, although dated April 14, 2020, demonstrates that he had been receiving prescription medication for his asthma, hypertension, hyperlipidemia, and Type 2 diabetes. (See Dkt. No. 28-2.) Neither the briefing nor the medical record provided indicates that Malloy's underlying medical conditions have not been manageable, even during the pandemic.

Additionally, Malloy is currently vaccinated against COVID-19 (see Motion at 16), and courts in this District have regularly determined that "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." United States v. Jones, No. 17 Crim. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); see also Gonzalez, 2022 WL 16919842, at *3 ("Though [the defendant] is not automatically ineligible for compassionate release due to his vaccination status, . . . the fact that he has received the vaccine and booster weighs against granting his motion."); Serrano, 2022 WL 1443688, at *14 (finding that defendant's

9

vaccination status mitigates risk of contracting COVID-19 and counsels against a finding of "extraordinary and compelling reasons"); United States v. Nieves, No. 12 Crim. 931, 2021 WL 3494820, at *2 (S.D.N.Y. Aug. 8, 2021) ("[T]he circumstances of the pandemic weigh less heavily on the balance of [Section] 3553(a) factors for inmates who have recovered from or been vaccinated against COVID-19 and are thus less likely to be infected again in the future."). Thus, the Court finds that Malloy's vaccination status lowers his risk of contracting COVID-19, though does not completely eliminate the risk, weighing against a sentence reduction.

Finally, the federal government has indicated that the national emergency concerning the COVID-19 pandemic is likely to end on May 11, 2023.[2] Nearing three years into the pandemic, the Court finds that the risks that were heightened at the onset of the pandemic have largely been reduced or been under control at this late stage of the pandemic.

Malloy also argues that because of his advanced age, he is at a lower risk of recidivism. The Court is not persuaded that Malloy's lower criminal propensity due to his age is an

---

[2] Joseph R. Biden, Jr., Notice on the Continuation of the National Emergency Concerning the Coronavirus Disease 2019 (COVID-19) Pandemic, The White House (Feb. 10, 2023), https://www.whitehouse.gov/briefing-room/presidential-actions/2023/02/10/notice-on-the-continuation-of-the-national-emergency-concerning-the-coronavirus-disease-2019-covid-19-pandemic-3/.

"extraordinary and compelling" circumstance. Such a finding would suggest that "every federal inmate in the country above [an advanced age] should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release[.]" United States v. Haney, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020). Accordingly, the Court does not find that Malloy's age and lower risk of recidivism qualify as an extraordinary circumstance.

Having considered Malloy's arguments, the Court does not find that Malloy's increased risk of illness if he contracts COVID-19 and his lower risk of recidivism due to his age constitute "extraordinary and compelling" reasons justifying immediate release from custody or a reduction in sentence.

C.  SECTION 3553(A) FACTORS

After a court has determined that "a defendant has exhausted administrative remedies and been found to have extraordinary and compelling reasons for sentence reduction," the Court may reduce the sentence if such a reduction would be consistent with the Section 3553(a) factors. United States v. Rengifo, No. 09 Crim. 109, 2021 WL 5027334 at *15 (S.D.N.Y. Oct. 29, 2021). The Court recognizes that it may find that the combination of Malloy's long sentence and the fact that he was in detention during the entirety of the pandemic *may* constitute an "extraordinary and compelling" circumstance.

11

See Serrano, 2022 WL 1443688, at *15. Thus, the Court will weigh the Section 3553(a) factors to determine whether immediate release is warranted.

As the sentencing court, the Court is quite familiar with the manner in which the Section 3553(a) factors relate to this case. Malloy pled guilty to one count of carjacking and one count of being a felon in possession of a firearm. Having served more than 15 years in prison, now at the age of 56, Malloy argues that his risk of recidivism is low and that he has taken sincere steps towards rehabilitation.

The Court recognizes and commends Malloy's efforts to rehabilitate his life while in custody. Malloy has furthered his education, working towards passing the GED test, has participated in various vocational training programs, developing skills in welding, plumbing, auto mechanics, floor covering, and electrical work, and seeks to rebuild his relationship with his family, including his daughter who is now 26 years old. (See Motion at 17-18; Dkt. No. 28-3.) The Court also acknowledges that Malloy has developed a reentry plan to allow him to reintegrate into society. However, while Malloy's determination and steps toward self-improvement are worthy of note, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); see also United States v. Nwankwo, No. 12 Crim. 31,

12

2020 WL 7335287, at *3 (S.D.N.Y. Dec. 14, 2020) (finding that "rehabilitative efforts [while] certainly commendable[] . . . do not, either alone or in combination with the other circumstances . . . meet the 'extraordinary and compelling' standard"). The Court thus does not find that his rehabilitation, either alone or in combination with his other circumstances, is sufficient to warrant a sentence reduction.

When Malloy was sentenced, the Court carefully considered the factors under Section 3553(a) and explained its reasoning for imposing the 23-year sentence at Malloy's sentencing hearing. The Court found that such a sentence was sufficient but not greater than necessary to promote the proper objectives of sentencing. The sentence also reflected the seriousness of the crime and his criminal history, including that this offense was his ninth conviction and that his other offenses included crimes of violence. Having revisited the Section 3553(a) sentencing factors in light of the arguments advanced by Malloy, the Court is not persuaded that the reasons presented justify a reduction of sentence under Section 3582.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 28) of defendant Earl Malloy for a sentence reduction pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) is **DENIED**.

**SO ORDERED.**

Dated:    27 February 2023
          New York, New York

_____
Victor Marrero
U.S.D.J.